

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-13-1994

# SIU de Puerto Rico v. V.I. Port Auth.

Precedential or Non-Precedential:

Docket 94-7217

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation

"SIU de Puerto Rico v. V.I. Port Auth." (1994). *1994 Decisions.* Paper 216.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/216

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 94-7217


SIU DE PUERTO RICO,
CARIBE Y LATINOAMERICA,
AFFILIATED TO SEAFARERS INTERNATIONAL UNION
OF NORTH AMERICA, AFL-CIO,
Appellant

v.

VIRGIN ISLANDS PORT AUTHORITY



On Appeal from the District Court of the Virgin Islands
(D.C. Civ. No. 92-cv-00186)


Submitted Pursuant to Third Circuit LAR 34.1(a)

December 5, 1994

Before:  SLOVITER, Chief Judge,
SCIRICA and COWEN, Circuit Judges

(Filed December 13, 1994)

Archie Jennings
Charlotte Amalie, USVI

        Attorney for Appellant

Don C. Mills
Virgin Islands Port Authority
Charlotte Amalie, USVI

        Attorney for Appellee

OPINION OF THE COURT

SLOVITER, Chief Judge.

Appellant SIU de Puerto Rico, a union that is the exclusive representative of certain employees of the Virgin Islands Port Authority (VIPA), appeals from the district court's dismissal of its claim against VIPA to enforce an arbitration settlement awarding payment for accumulated sick leave to retiring employees represented by SIU.  This court has jurisdiction under 28 U.S.C. § 1291.

I.

**FACTS AND PROCEDURAL HISTORY**

On December 23, 1987, SIU and VIPA entered into a collective bargaining agreement (Agreement), effective from October 1, 1987 to September 30, 1990.  The Agreement specified that "[a]ll sick leave in excess of 90 days shall be paid in lump sum as compensation" to retiring employees at their rate of pay.  App. at 16.  Sometime after signing the Agreement, VIPA stopped paying retirees for accumulated sick leave, claiming that the sick leave provision of the Agreement violated Virgin Islands law.  SIU filed a grievance against VIPA and submitted it to arbitration.  SIU and VIPA then settled, agreeing that VIPA would comply with the sick leave provision.  The arbitrator approved the agreement on September 18, 1991.

However, VIPA continued to refuse to pay for accumulated sick leave.  SIU then filed a complaint in the

district court to enforce the arbitration settlement. The district court denied VIPA's motion to dismiss for lack of subject matter jurisdiction, and SIU moved for summary judgment. In response, VIPA argued that at the time the Agreement was in place it lacked statutory authority to pay for accumulated sick leave and that the inclusion of the sick leave provision was inadvertent. VIPA also claimed that it had entered into the stipulated settlement only because of an "abrupt change in personnel." App. at 84. The district court denied summary judgment for SIU and dismissed its claim with prejudice because it found that VIPA lacked legal authority to pay for accumulated sick leave. SIU filed a timely appeal.

## II.

## **DISCUSSION**

### A.

Although VIPA has not filed a brief with this court and thus has not renewed its argument that the district court lacked subject matter jurisdiction, we must assure ourselves of jurisdiction.

The district court asserted subject matter jurisdiction under section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, which confers jurisdiction on federal courts to hear suits between labor organizations and employers for

violations of collective bargaining agreements.[1]  VIPA had argued that section 301 did not confer jurisdiction on the district court because VIPA's dispute with SIU concerned a violation of an individual employment contract, not a violation of the collective bargaining agreement.[2]  In Smith v. Evening News Ass'n, 371 U.S. 195 (1962), the Supreme Court said, "The concept that all suits to vindicate individual employee rights arising from a collective bargaining agreement should be excluded from the coverage of section 301 . . . has not survived."  Id. at 200.  It follows that the district court had jurisdiction under 29 U.S.C. § 185.

VIPA also argued without merit that SIU lacked standing to vindicate the rights of an individual employee.  We agree with the district court that unions have standing to vindicate individual employee rights under a collective bargaining agreement negotiated by the union.  See UAW v. Hoosier Cardinal Corp., 383 U.S. 696, 699-700 (1966).

B.

On the merits, SIU argues that the district court erred in holding that VIPA lacked statutory authority to pay for

---

[1].  The district court of the Virgin Islands exercises the same jurisdiction as a district court of the United States.  See 48 U.S.C. § 1612(a); 4 V.I.C. § 32.

[2].  VIPA relied on Association of Westinghouse Salaried Employees v. Westinghouse Elec. Corp., 348 U.S. 437 (1955), a case the Supreme Court later declared had been undermined by subsequent cases and was "no longer authoritative as a precedent." Smith v. Evening News Ass'n, 371 U.S. 195, 199 (1962).

accumulated sick leave.  Our standard of review on this question of law is plenary.  Epstein Family Partnership v. Kmart Corp., 13 F.3d 762, 765-66 (3d Cir. 1994).

VIPA is an instrumentality of the Virgin Islands government, 29 V.I.C. § 541(e), a characterization that by express statute applies for purposes of public employee labor relations.  24 V.I.C. § 362(i).  In 1986, the Virgin Islands legislature eliminated the authority of public employers participating in the Employees Retirement System of the Virgin Islands (ERSVI) to pay retirees for accumulated sick leave.  See 3 V.I.C. § 731(a).[3]  Because section 731(a) authorized VIPA only to credit accumulated sick leave to a retiree's retirement annuity as of 1987, the date of the Agreement, the district court was correct in holding that VIPA acted beyond the scope of its

---

[3].  Section 731(a) provides:

> Any member [of ERSVI] having accumulated and unused sick leave at date of retirement shall be entitled to service credit towards the service retirement annuity to which the member may be entitled.  The credit for accumulated and unused sick leave shall be 1 month for any period of 14 to 26 days inclusive of such leave and ½ month for any period of 5 to 13 days inclusive.  Less than 5 days of such unused sick leave shall not be considered for such credit.

authority in agreeing to pay accumulated sick leave "in lump sum as compensation" to retirees.

It is "well-settled law" that neither the United States nor the Virgin Islands government is bound by a contract entered into by an agency acting beyond the scope of its authority. In re Penn Cent. Transp. Co., 831 F.2d 1221, 1229 (3d Cir. 1987); accord Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous. of Virgin Islands, Inc., 663 F.2d 419, 428-29 (3d Cir. 1980), cert. denied, 455 U.S. 1018 (1981); In re Hooper's Estate, 359 F.2d 569, 577 (3d Cir.), cert. denied, 385 U.S. 903 (1966). It follows that VIPA acted beyond the scope of its authority in agreeing to pay accumulated sick leave to retirees, and the sick leave provision of the Agreement is void ab initio and cannot be enforced. See Smith v. Department of Educ., 942 F.2d 199, 201-02 (3d Cir. 1991) (where agent of Virgin Islands government failed to execute agreement in compliance with applicable statutes, "no valid contract was ever created"); Heyl & Patterson, 663 F.2d at 432 (agreement by government that did not meet statutory requirements "null and void ab initio"); Hooper's Estate, 359 F.2d at 577 (no contract existed when agents of Virgin Islands government acted beyond scope of authority in granting tax subsidy).

Nor is VIPA estopped from claiming that the sick leave provision of the Agreement exceeded its authority. The government cannot be estopped from denying the validity of an agreement unless it engaged in "'affirmative misconduct,' as

opposed to mere omission or negligent failure." United States v. Pepperman, 976 F.2d 123, 131 (3d Cir. 1992). Cf. Office of Personnel Management v. Richmond, 496 U.S. 414, 421 (1990) ("[S]ome type of 'affirmative misconduct' might give rise to estoppel against the Government."). In its response to SIU's motion for summary judgment, VIPA claimed that it "inadvertently permitted" the inclusion of the invalid sick leave provision in the Agreement and that it stipulated to the arbitration settlement only because of "an abrupt change of personnel." App. at 84. SIU produced no evidence of affirmative misconduct. In the absence of any such showing, VIPA is not estopped from denying the validity of the sick leave provision of the Agreement.

SIU argues that for the purposes of negotiating the Agreement VIPA was not an agent of the Virgin Islands government. However, VIPA's enabling statute specifically provides that all VIPA employees "shall be covered by and subject to the Employees Retirement System of the Virgin Islands." 29 V.I.C. § 573(a). Though VIPA is a semi-autonomous public corporation with "legal existence and personality separate and apart from the Government," id. § 541(e), it must be considered an agent of the Virgin Islands government when it bargains with its employees.

This court reached the same conclusion twenty years ago in a case between the same parties. See Virgin Islands Port Auth. v. SIU de Puerto Rico, 494 F.2d 452 (3d Cir. 1974) (VIPA

I). SIU went on strike against VIPA after its collective bargaining agreement with VIPA expired. The district court enjoined the strike because Virgin Islands law prohibited strikes by public employees. On appeal, SIU argued that VIPA was effectively a private employer for the purpose of bargaining with its employees. This court disagreed, holding that VIPA is "expressly made a government instrumentality," id. at 453, and that nothing placed VIPA's employees on a "different footing from other government employees." Id. at 454. SIU then argued that the expiration of the collective bargaining agreement, which prohibited strikes, implicitly authorized SIU's strike. Again, this court disagreed, concluding that even if the parties intended that expiration would create a right to strike, such an agreement would be unenforceable because Virgin Islands law prohibited strikes by public employees. Id. at 455. VIPA I therefore stands for the dual propositions that VIPA is an agent of the Virgin Islands government in bargaining with its employees and that VIPA cannot contract with its employees beyond the scope of its authority. Specifically, VIPA cannot confer a benefit on its employees that Virgin Islands law prohibits, and any attempt to do so is void ab initio.

We do not condone VIPA's actions in its dealings with its union and its employees.[4] As the district court recognized,

_____

[4]. Indeed, VIPA has demonstrated the same nonchalance in dealing with the arbitrator, failing to appear at a scheduled arbitration, and with this court, having failed to file a brief

SIU presents a "sympathetic" case.  App. at 90.  However, the employees' rights to enforce their contract with VIPA is a matter which lies in the hands of the Virgin Islands legislature.

III.

## CONCLUSION

For the foregoing reasons, we will affirm the judgment of the district court dismissing SIU's claim.

(..continued)
in this court to defend its position and the district court's order.