**KRIM M. BALLENTINE, Plaintiff**

**v.**

**VIRGIN ISLANDS PORT AUTHORITY, VIRGIN ISLANDS PORT AUTHORITY BOARD OF DIRECTORS, ANTHONY OLIVE, WILLIAM QUETEL, ALVA SWAN, ANN ABRAMSON, LUIS SOTOMAYER, MEL PLASKETT, EARL ROEBUCK, and ROBERT O'CONNOR, Defendants**

Civ. No. 1995-69

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 18, 1997

ARCHIE JENNINGS, ESQ., *for Plaintiff*

PHILLIP L. HUSBAND, ESQ., (Law Offices of Joel W. Marsh), DON C. MILLS, ESQ., (VIRGIN ISLANDS PORT AUTHORITY), *for Defendants*

BROTMAN, *Judge*

**OPINION**

Plaintiff Krim M. Ballentine (hereinafter "Ballentine") has brought this civil action for damages pursuant to 42 U.S.C. § 1983 (hereinafter "Section 1983") to redress alleged violations of his rights under the First and Fourteenth Amendments to the United States Constitution. Ballentine alleges that the Virgin Islands Port Authority Board of Directors (hereinafter "the VIPA Board") violated his constitutional rights of free association and free political speech by terminating his employment for impermissible reasons. Presently before the court are three Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed by the Virgin Islands Port Authority (hereinafter "VIPA"), the VIPA Board, and the individual named defendants who constitute the VIPA Board.[1] Insofar as all defendants have marshalled the same argument and, indeed, rely upon each others' arguments in support of their motions to dismiss, this court's opinion and order govern all defendants, including VIPA.[2] Defendants contend that VIPA and its Board of

---

[1] Also pending before the court is Plaintiff's Motion to Amend Complaint and Correct Caption. Plaintiff seeks to (1) add the Virgin Islands Port Authority as a named defendant; and (2) amend his pleadings to allege that the individual defendants acted in both an individual and official capacity in engaging in the alleged violative activity. The individual defendants concede and the court agrees that VIPA includes (1) its Board of Directors and (2) the individuals who comprise that board. (Indiv. Defs.' Mot. Dismiss, at 3.) Indeed, VIPA has submitted its own, separate motion to dismiss plaintiff's claims. Thus, defendants suffer no prejudice in correcting the caption to include the Virgin Islands Port Authority as a named defendant in this matter.

With respect to the remainder of Plaintiff's Motion to Amend, however, the court finds that the allegations in plaintiff's Amended Complaint dated August 1, 1995 and all of plaintiff's arguments in his submissions to this court indicate that the action is one against the individual defendants acting in their official capacity as directors of VIPA. The plaintiff has had opportunity since April 25, 1995 to state a claim against the individual defendants in their individual capacity. He did not do so even when he filed an Amended Complaint on August 1, 1995. To permit plaintiff to amend the substance of his pleadings at this late stage would significantly prejudice the opposing parties.*See Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962); *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984).

[2] The defendants have also submitted to the court motions to dismiss pursuant to Fed. R. Civ. P. 12(c), 41(b), and 56. On September 27, 1996, this court entered an Order dismissing with prejudice Counts II, III, and IV of Plaintiff's Amended Complaint dated August 1, 1995. Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(c) and 56 relate to these dismissed counts and are, therefore, dismissed as moot.

Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 41(b) will be denied. *See Andrews v. Government of the Virgin Islands*, 25 V.I. 284, 132 F.R.D. 405, 411 (D.V.I. 1990) ("To dismiss a complaint with prejudice as a sanction for dilatory conduct is a 'drastic

Directors are not "persons" as defined by Section 1983, and that therefore, Ballentine fails to state a claim against the defendants.

## I. Background

Prior to March 24, 1995, plaintiff Ballentine was employed as a Safety and Security Officer for VIPA. On March 24, 1995, the VIPA Board terminated plaintiff's employment. Ballentine avers that up to the date of his termination, he maintained a good work record and had received favorable performance evaluations. Therefore, Ballentine contends that the VIPA Board had no legitimate reason to fire him. Rather, Ballentine argues, the VIPA Board refused to retain him because of his political affiliation[3] and, in his place, hired "a counterpart [of Ballentine] who was friendly to the new [Schneider] administration . . . and paid [him] more in salary . . . with less experience and . . . less qualifications than plaintiff."[4] (Am. Compl. ¶ 8.) Plaintiff contends that the VIPA Board acted as agents for the Schneider administration, whose actions in terminating his employment constituted a common plan or design to deprive plaintiff of his statutory and constitutional rights. (Am. Compl. ¶ 15.)

## II. Discussion

### A. Standard of Review

In determining whether this court should grant defendants' motion to dismiss for failure to state a claim, we must "accept the factual allegations contained in the amended complaint as true and [grant] plaintiff . . . the benefit of all reasonable inferences to be drawn therefrom." *City of Philadelphia v. Lead Indus. Ass'n*, 994 F.2d

---

measure 'reserved for comparable cases.'") (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984)), *aff'd*, 935 F.2d 1280 (3d Cir. 1991). This is not such a case. In light of recent cooperation and court-monitored negotiations between the parties and the resolution of some of the concerns raised in the 41(b) motion, the court will not exercise its discretion to impose "the most severe in the spectrum of sanctions." *Andrews*, 132 F.R.D. at 411 (quoting *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976)). For the same reasons, the court will also deny defendants' Motion to Dismiss for Failure to Comply with Discovery Order.

[3] Plaintiff is a Republican.

[4] Plaintiff asserts that his was not a policy-making or confidential position that would otherwise fall under the direct supervision of the VIPA Board. (Am. Compl. ¶ 6.)

112, 118 (3d Cir. 1993). This action cannot be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

## B. Section 1983

■■ To establish a claim under Section 1983, plaintiff must show that defendants are persons who acted under color of state law to deprive him of a right, privilege, or immunity secured by the Constitution or laws of the United States. 42 U.S.C.A. § 1983 (West 1994); *Parratt v. Taylor*, 451 U.S. 527, 535, 68 L. Ed. 2d 420, 101 S. Ct. 1908 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 88 L. Ed. 2d 662, 106 S. Ct. 662 (1986); *Robb v. City of Philadelphia*, 733 F.2d 286, 290-91 (3d Cir. 1984). A plaintiff cannot state a Section 1983 claim against a State or its officials acting in their official capacities because neither the State nor the officials are "persons" for purposes of Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 105 L. Ed. 2d 45, 109 S. Ct. 2304 (1989). Similarly, the Territory of the Virgin Islands and its officers acting in their official capacities are not "persons" under Section 1983 and cannot be liable thereunder. *Ngiraingas v. Sanchez*, 495 U.S. 182, 192, 109 L. Ed. 2d 163, 110 S. Ct. 1737 (1990); *Brow v. Farrelly*, 28 V.I. 345, 994 F.2d 1027, 1030, 1037 (3d Cir. 1993).

These holdings that appear to insulate from suit a large number of potential Section 1983 defendants are, in fact, more limited. "Only . . . States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes" are outside the reach of the Section 1983 definition of "person." *Will*, 491 U.S. at 70; *Independent Enters. Inc. v. Pittsburgh Water & Sewer Auth.*, No. 96-3009, 1997 WL 6335, *6 (3d Cir. Jan. 9, 1997). As a result, only such "arms of the State" need not defend claims brought pursuant to that law. *Id.* Thus, this court must determine whether the defendants here are "arms of the State". If they are not, plaintiff may assert a Section 1983 claim against them, and defendants' motions fail.

■ On two separate occasions, the Third Circuit has found that entities similar to VIPA are not "arms of the State," and thus has subjected them to liability under Section 1983. In *Peters v. Delaware*

*River Port Auth.*, 16 F.3d 1346 (3d Cir. 1994), the court held that the Delaware River Port Authority (hereinafter "DRPA") is a "person" for purposes of the federal civil rights statute. *Id.* at 1352. Tellingly, the plaintiff in Peters, almost exactly like the plaintiff in the present case, alleged that DRPA had violated his freedom of belief and association by failing to reappoint him due to his political affiliation. DRPA argued that it was an arm or instrumentality of the Commonwealth of Pennsylvania and the State of New Jersey and, therefore, was not subject to suit under Section 1983. The court, however, rejected this argument, determining that DRPA was not an arm of either Pennsylvania or New Jersey, and thus was amenable to suit under Section 1983. *Id.* at 1350.

More recently, the Third Circuit determined that the Pittsburgh Water and Sewer Authority, like DRPA in Peters, is a "person" subject to suit under Section 1983. Independent, 1997 WL 6335, at 5. To so hold, the court applied well-established factors that inform whether an entity is an "arm of the State": (1) "whether the money that would pay the judgment would come from the state[5] . . . (2) the status of the agency under state law[6] . . . and (3) what degree of autonomy the agency has." *Id.* at *6 (quoting Fitchik, 873 F.2d at 659).

■ Applying the *Fitchik* factors to the present case, the court finds that the defendants are not "arms of the State" for Eleventh Amendment purposes. Since only arms of the State are insulated from Section 1983 actions, *Will* 491 U.S. at 70, it follows that plaintiff may subject defendants to suit under this statute. The court addresses the relevant considerations in turn.

### 1. Source of Money to Pay Judgment

Under the statutory scheme that governs the VIPA, it seems clear that the government of the Virgin Islands will not be required to

---

[5]This analysis includes determining "whether payment would come from the state's treasury, whether the agency has the money to satisfy the judgment, and whether the sovereign has immunized itself from responsibility for the agency's debts." *Id.* at *6 (quoting *Fitchik v. New Jersey Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989)).

[6]This factor involves consideration of "how state law treats the agency generally, whether the entity is separately incorporated, whether the agency can sue or be sued in its own right, and whether it is immune from state taxation." *Id.*

pay any judgment entered against VIPA. Under V.I. Code Ann. tit. 29, § 571(a) (1995), VIPA money is "kept in separate accounts in the name of the Authority." Moreover, Title 29, § 543 authorizes VIPA to borrow money and issue bonds for any corporate purpose. Most important, the obligations and debts of VIPA are deemed expressly to belong to VIPA, not to the government. Title 29, § 541(e). Thus, any judgment against VIPA should not attach to funds in the state treasury. *See generally Virgin Islands Port Auth. v. Balfour Beatty, Inc.*, Civ. A. No. 1994/0004, 1994 WL 380624, *1-2 (D.V.I. July 15, 1994).

### 2. *Status of VIPA under Virgin Islands Law*

VIPA is a separate and distinct entity from the government of the Virgin Islands. Indeed, it retains "perpetual existence as a [separate] corporation" and can "sue and be sued in its corporate name." Title 29, §§ 543(1), 543(4). Further, while VIPA is a "public employer" for purposes of labor relations, V.I. Code Ann., tit. 24, § 362 (the Tort Claims Act)—which applies to the government to insulate it from liability under certain circumstances—does not apply to VIPA. *See Cintron v. Virgin Islands Port Auth.*, 18 V.I. 105, 106 (Terr. Ct. 1981). In addition, VIPA lacks authority to acquire property through the power of eminent domain.[7] Title 29, § 543(6). These facts suggest strongly that VIPA is its own entity, not the alter ego of the state. *See generally Balfour*, 1994 WL 380624, at *2.

### 3. *Autonomy of VIPA*

Here, considerations weigh in favor of finding that VIPA is an arm of the state. The government controls who presides as VIPA's Board of Directors, as only government officials and individuals appointed by the Governor and the Legislature comprise VIPA's bodies corporate and politic. Title 29, § 541(a). Moreover, sale and condemnation of VIPA property requires governmental approval. *Id.* §§ 543(6)-543(7). While VIPA maintains some important autonomous powers, the government's control over the selection of

---

[7]Such power is otherwise reserved only for the state, municipalities, and private persons or corporations *authorized* by the legislature to take private property for public use. *Black's Law Dictionary* 523 (6th ed. 1990) (emphasis added).

VIPA's Board of Directors "weigh[s] sightly in favor of according alter ego status [to VIPA]." Balfour, 1994 WL 380624, at *2.

Weighing the *Fitchik* factors as applied to VIPA, the court concludes that the defendants are not "arms of the State"; hence, they are amenable to suit under Section 1983. The court recognizes that considerations regarding VIPA's autonomy suggest that the defendants are arms of the state. However, the most important consideration in this analysis is the source of the money to pay a judgment. *Independent,* 1997 WL 6335, at *6; *Christy v. Pennsylvania Turnpike Comm'n,* 54 F.3d 1140, 1145 (3d Cir.), *cert. denied,* 133 L. Ed. 2d 238, 116 S. Ct. 340 (1995). Since this factor, as well as the status of VIPA under Virgin Islands law, suggest that VIPA is not an arm of the state, the defendants cannot invoke *Will* and *Ngiraingas* to escape liability under Section 1983.

The defendants contend that *Brow v. Farrelly* applies to this matter and requires a finding that the defendants cannot be liable under Section 1983. This argument fails, however, because the Brow court's analysis—and its distinction between monetary and injunctive relief—applies only if the court determines that the defendants are not "persons". *Independent* and *Peters* suggest they may be.[8] This finding is also consistent with this court's analysis in *Virgin Islands Port Authority v. Balfour Beatty, Inc.,* which concluded that VIPA, like DRPA, is not an alter ego of the government. Balfour, 1994 WL 380624, at *2-3.

Similarly, the defendants' reliance on *SIU de Puerto Rico, Caribe Y Latinoamerica v. Virgin Islands Port Auth.,* 42 F.3d 801 (3d Cir. 1994) is misplaced. While the *SIU* court determined that VIPA was an instrumentality of the Government of the Virgin Islands, this holding was fact- and context-specific: VIPA is considered an agent of the Virgin Islands government only "when it bargains with its employees." *Id.* at 804. Thus, SIU is inapplicable to the case before this court. *Likewise, Durant v. Husband,* 28 F.3d 12 (3d Cir. 1994) does not affect this court's findings; *Durant* involved a direct claim against the government of the Virgin Islands, which suit was

---

[8]The court need not reach the parties' argument regarding the nature of damages sought in light of its finding that VIPA, the VIPA Board, and the individuals who comprise the VIPA Board when acting in their official capacity are "persons" for purposes of Section 1983.

barred since the government itself is not a "person" for purposes of Section 1983. *Ngiraingas*, 495 U.S. at 192.

### III. Conclusion

For the reasons set forth, the court concludes that the defendants are "persons" as defined by Section 1983, and that therefore, Ballentine may state a claim against defendants pursuant to 42 U.S.C. § 1983. The court will deny defendants' Motions to Dismiss for failure to state a claim. An appropriate order follows.

DATED: February 18, 1997

### ORDER

THIS MATTER having come before the court on the Defendants' Motions to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6), 12(c), 41(b), and 56 and Plaintiff's Motion to Amend Complaint and Correct Caption;

The court having reviewed the record and the submissions of the parties;

For the reasons set forth in the court's opinion of this date;

IT IS this 18th day of February, 1997 HEREBY

ORDERED that Plaintiff's Motion to Amend Complaint and Correct Caption is DENIED IN PART to disallow plaintiff from -amending his pleading to allege that the individual defendants acted in an individual capacity and GRANTED IN PART to allow the correction of the caption to add the Virgin Islands Port Authority as a named defendant in this matter; and IT IS FURTHER

ADVISED that the court's opinion of this date and this order entered pursuant to it governs defendants' motions in response to plaintiff's allegations as stated in the Amended Complaint dated August 1, 1995, and applies to all parties presently named in this matter including Krim M. Ballentine, the Virgin Islands Port Authority, the Virgin Islands Port Authority Board of Directors, and Anthony Olive, William Quetel, Alva Swan, Ann Abramson, Luis Sotomayer, Mel Plaskett, Earl Roebuck, and Robert O'Connor in their official capacity as the Virgin Islands Port Authority Board of Directors; and IT IS FURTHER

ADVISED that the correction of the caption to include the Virgin

Islands Port Authority as a formally named defendant does not affect or alter any of this court's Orders entered previously in this matter; and IT IS FURTHER

ORDERED that Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is DENIED; and IT IS FURTHER

ORDERED that Defendants' Motions to Dismiss pursuant to Fed. R. Civ. P. 12(c) and 56 are DENIED AS MOOT; and IT IS FURTHER

ORDERED that Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b) is DENIED; and IT IS FURTHER

ORDERED that Defendants' Motion to Dismiss for Failure to Comply with Discovery Order is DENIED.

No costs.