

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-15-2004

# Bouton v. Farrelly

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2560

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Bouton v. Farrelly" (2004). *2004 Decisions*. Paper 72.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/72

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 04-2560
_____

DONALD M. BOUTON,
                                        Appellant

v.

ALEXANDER FARRELLY
in has capacity as Governor of the Virgin Islands;
V.I. DEPARTMENT OF JUSTICE
(formerly Department of Law);
GOVERNMENT OF THE VIRGIN ISLANDS

_____

On Appeal from the District Court
of the Virgin Islands, Division of St. Thomas Appellate Division
(D.C. No. 02-cv-00165)
District Judges: Hon. Raymond L. Finch, Hon. Thomas K. Moore,
and Hon. Patricia D. Steele

_____

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2004

Before: SLOVITER, FUENTES and GREENBERG, Circuit Judges

(Filed: December 15, 2004)

_____

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Before us is the appeal of Donald Bouton, acting pro se, from the decision of the

Appellate Division of the District Court of the Virgin Islands, Division of St. Thomas,

which affirmed the decision of the Territorial Court dismissing Bouton's breach of

contract claim instituted against Virgin Islands Governor Alexander Farrelly, the Virgin

Islands Department of Justice, and the Government of the Virgin Islands.[1]  This court has

previously set forth the underlying facts of this case at United Indus. Workers, Serv.,

Transp., Prof'l Gov't of N. Am. of the Seafarers' Int'l Union of N. Am., Atl., Gulf, Lakes

and Inland Waters Dist. AFL-CIO, Local No. 16 ex rel. Bouton v. Gov't of the V.I., 987

F.2d 162 (3d Cir. 1993) ("Bouton I").  In the interest of brevity, the facts will be

reiterated here only to the extent necessary to resolve the instant appeal.

Bouton had worked as an Assistant Attorney General in the Virgin Islands

Department of Law (subsequently renamed the Virgin Islands Department of Justice)

since 1978.  In 1986, the Governor of the Virgin Islands appointed Bouton to the newly

created position of Administrative Hearing Officer ("AHO") in the Paternity and Child

Support Division of the Department of Law.[2]

---

[1]  The District Court had jurisdiction pursuant to the Revised Organic Act of 1954, 48 U.S.C. §§ 1541-1645, and 4 V.I. Code Ann. § 33.  This court has jurisdiction under 28 U.S.C. §§ 1291, 1294(3), and 48 U.S.C. § 1613a(c).

[2]  Under Virgin Islands law, AHOs hold their position for a term of four years; the Governor, however, may reappoint an AHO to successive four-year terms.  16 V.I. Code Ann. § 354(a).  Although AHOs are appointed by the Governor, the Attorney General has some ability to control the day-to-day operations of AHOs.  16 V.I. Code Ann. § 354(d).

Approximately a month after his appointment, Bouton wrote to then Virgin Islands Attorney General Leroy Mercer to propose terms for his acceptance of the AHO position. Specifically, he asked to be placed on a leave of absence from his Attorney General position. Bouton apparently believed that such an arrangement would permit him to return to his position as an Assistant Attorney General if and when his position as an AHO was terminated. Attorney General Mercer wrote "Agreed" on this letter, initialed the document, and returned a signed copy to Bouton. Bouton I, 987 F.2d at 165. This court, however, later noted that Attorney General Mercer had no authority to bind either the Governor or future Attorneys General. Id.

In January of 1987, Godfrey de Castro, then Attorney General of the Virgin Islands, issued a directive requiring each male professional employee to wear a coat and tie at work. Bouton, who was at that time acting in his capacity as an AHO, refused to comply, based on an alleged physical condition which made compliance uncomfortable. He filed a grievance pursuant to the collective bargaining agreement ("CBA") covering Assistant Attorneys General, in which he sought to raise the issue of the dress code. Bouton's grievance was denied on the ground that AHOs were not covered under the CBA.

Bouton continued to disregard the dress code directive and was fired in March 1987. Bouton filed an action in the Territorial Court of the United States Virgin Islands seeking reinstatement. The United Industrial Workers, Service, Transportation,

3

Professional Government of North America of the Seafarers' International Union of North America, Atlantic, Gulf, Lakes and Inland Waters District American Federal of Labor-Congress of Industrial Organizations, Local Number 16 (the "Union") intervened on behalf of Bouton. The Union was the exclusive bargaining unit of the Assistant Attorneys General under the CBA. In April 1987, the Territorial Court referred the dispute to binding arbitration for resolution. The arbitrator found that Bouton was not covered by the CBA and therefore dismissed his complaint.

The Union filed a petition in the District Court for the Virgin Islands seeking to vacate the arbitrator's decision, which that court denied. This court affirmed the district court's order. See Bouton I, 987 F.2d at 172.

Approximately a week after this court rendered its decision, Bouton filed an action for breach of contract in the Territorial Court against the current Appellees. In his complaint, Bouton averred that the Appellees breached their employment contract with him by dismissing him from his position as an AHO. In addition, the complaint alleged that the Appellees breached their agreement to reinstate him as an Assistant Attorney General following his removal from the AHO position. Some nine years later, the Territorial Court granted summary judgment in favor of the Appellees. Bouton then appealed this decision to the Appellate Division of the District Court of the Virgin Islands, see generally 4 V.I. Code Ann. § 33, which affirmed. This appeal followed.

4

**I.**

This court reviews <u>de novo</u> the decision of the Appellate Division of the District Court of the Virgin Islands affirming the grant of summary judgment. <u>See Tyler v. Armstrong</u>, 365 F.3d 204, 208 (3d Cir. 2004).

Bouton argues that he served as an AHO only in an acting capacity, that he remained an Assistant Attorney General throughout his tenure as acting AHO, and thus that he was protected by the CBA at the time he was removed from the AHO position.[3] As recounted above, shortly after Bouton's appointment to the AHO position, then Attorney General Mercer purportedly entered into an agreement with Bouton whereby Bouton would take a leave of absence from the Attorney General's Office in order to take the AHO position. Bouton believed that this entitled him to the first available opening in the Attorney General's Office if and when his AHO position was terminated. Bouton asserts that he only accepted the AHO position on the express conditions precedent that he be granted a leave of absence from the Assistant Attorney General position and that, if his AHO position were terminated, he would be appointed to the first available vacancy in the Attorney General's Office.

In <u>Bouton I</u>, we held that the CBA governing Assistant Attorneys General proscribed leaves of absence in excess of one year. <u>Bouton I</u>, 987 F.2d at 165. Thus, Mercer and Bouton's agreement that Bouton was accepting the AHO position on the

---

[3] Despite the Appellees' protestations to the contrary, Bouton states that he is not seeking to relitigate the decided issue that AHOs are not covered by the CBA.

condition of his being placed on an extended leave of absence was contrary to the CBA and void. We further noted that although Mercer agreed to Bouton's conditions of acceptance, Mercer had no authority to bind the Governor, future Attorneys General, or the Government of the Virgin Islands. Id. Rather, under Virgin Islands law only the Governor has the authority to appoint Assistant Attorneys General. See 3 V.I. Code Ann. § 113(a). It followed that in promising Bouton future employment, Mercer acted ultra vires and in no way bound the Appellees. See SIU de P.R., Caribe y Latinoamerica v. V.I. Port Auth., 42 F.3d 801, 803 (3d Cir. 1994); Tracy Leigh Dev. Corp. v. Gov't of the V.I., 501 F.2d 439, 443 (3d Cir. 1974); In re Estate of Hooper, 359 F.2d 569, 577 (3d Cir. 1966).

Bouton does not dispute the fact that the agreement with Mercer is null and void. Rather, he contends that because the Mercer agreement is void, his obligations under the agreement, including his acceptance of the AHO position, are also void. In fact, Bouton argues that due to the unenforceability and attendant failure of the purported conditions precedent, he never accepted the AHO position and remained an Assistant Attorney General protected by the CBA.

We reject Bouton's position. Because it is the Governor of the Virgin Islands who appoints individuals to the position of Administrative Hearing Officer, Bouton's agreement to accept appointment as an AHO was with the Governor; Mercer had no authority to agree to conditions that would bind the Appellees.

6

The fact that Mercer, acting <u>ultra</u> <u>vires</u>, attempted to add conditions precedent to Bouton's agreement to serve as an AHO did not affect the enforceability of Bouton's acceptance of an appointment as an AHO and his attendant decision to step down as an Assistant Attorney General. Because Bouton was an AHO, he was not protected by the CBA at the time of his termination and therefore could be removed from his position for cause. 16 V.I. Code Ann. § 354(a). His failure to comply with the dress code provided such cause. The District Court did not err in upholding the Territorial Court's grant of summary judgment in favor of the Appellees.

## II.

For the reasons set forth, we will affirm the judgment of the District Court.