NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2230
_____

SHIRLEY L. SMITH,
                            Appellant

v.

VIRGIN ISLANDS PORT AUTHORITY;
VIRGIN ISLANDS PORT AUTHORITY GOVERNING BOARD;
FORMER EXECUTIVE DIRECTOR GORDON A. FINCH,
individually and in his official capacity;
ASSISTANT EXECUTIVE DIRECTOR DAVID MAPP,
individually and in his official capacity;
EXECUTIVE DIRECTOR DARLAN BRIN,
individually and in his official capacity
_____

On Appeal from the District Court
of the Virgin Islands – Appellate Division
Division of St. Thomas
(D.C. No. 3-02-cv-00227)
District Judge:  Honorable Juan R. Sánchez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 5, 2011

Before:  FISHER, GREENAWAY, JR. and ROTH, *Circuit Judges*.

(Filed: January 9, 2012)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

This appeal arises from the District Court's orders dismissing, on Federal Rule of Civil Procedure 12(b)(6) and summary judgment grounds, a series of employment-related claims raised by Shirley L. Smith. Since no substantial question is presented by Smith's appeal, we will summarily affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Smith was employed by the Virgin Islands Port Authority ("VIPA") as its Public Information Officer ("PIO") from April 1999 until her resignation and departure in January 2003. Smith was interviewed and recruited by Executive Director Gordon Finch. She received an offer letter and standard employee handbook, which she was not asked to, and did not, sign. Saddled with sub-par assistants, Smith often took on extra work, which led to stress and related health problems, including loss of voice from a persistent medical condition. She was granted leave under VIPA's compensatory leave and donated leave programs from November 2000 until April 2001, which she used to regain her voice. She returned to work only briefly: an altercation with another employee led to her suspension until August 21, 2001. Smith did not return to work after serving her suspension, and was denied donated leave for the indefinite future, which she sought to resolve her voice condition. In November 2001, she requested, and was granted, twelve

weeks of leave under the Family and Medical Leave Act ("FMLA"), followed by another twelve weeks for medical appointments. She did not return to work until June 3, 2002.

VIPA offered Smith a number of accommodations upon her return, and she soon regained the use of her voice. After Darlan Brin took over for Gordon Finch as Executive Director in January 2003, VIPA instituted cost-cutting measures resulting in restrictions on her use of a company vehicle and company-issued laptop. Smith alleged that, after returning to work, many people accused her of lying about her illness. Smith also levied sexual harassment allegations against two Board members, VIPA's police chief, and Brin. She was never promoted.

Over the course of four complaints and ten years of litigation, Smith has asserted a broad array of employment-related claims against VIPA.[1] The District Court granted VIPA's motions to dismiss claims from Smith's First Amended Complaint under Rule 12(b)(6) on January 2, 2005, and her remaining claims on summary judgment in its orders of August 29, 2008 and March 31, 2010. Smith timely appeals.

II.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

[1] We incorporate by reference the District Court's more thorough recitation of the procedural and factual history in this case, although we note, where relevant, the legal basis of Smith's claims.

3

We exercise plenary review over the dismissal of a complaint for failure to state a claim. *Jones v. ABN Amro Mortg. Grp., Inc.*, 606 F.3d 119, 123 (3d Cir. 2010). We determine whether, accepting all factual allegations as true, the plaintiff may be entitled to relief. *Id.* In reviewing a district court's decision to grant a motion for summary judgment, we apply the same standard as the district court. *See Levy v. Sterling Holding Co.*, 544 F.3d 493, 501 (3d Cir. 2008). Summary judgment is appropriate if, after drawing all reasonable inferences in favor of the nonmoving party, "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009); *see* Fed. R. Civ. P. 56(c). We may summarily affirm if no substantial question is presented by the appeal. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

### III.

We consider only those arguments which Smith raises with more than a "passing reference." *See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994). We address Smith's contentions of error chronologically, beginning with the order of January 2, 2005, in which the District Court dismissed several claims under Rule 12(b)(6).

First, Smith's arguments concerning the District Court's disposition of her First Amended Complaint, before considering her Second Amended Complaint, are baseless: the claims she contends were erroneously dismissed were *not* dismissed at that juncture,

4

but rather dismissed later on summary judgment. Thus, her Second Amended Complaint was not needed to cure any deficiency, *see Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000), and consequently, neither the District Court's decision to adopt the 2005 order in considering her Second Amended Complaint, nor its subsequent denial of her motion to reconsider, was prejudicial. *See Brennan v. Norton*, 350 F.3d 399, 416 (3d Cir. 2003).

Second, the District Court did not err in dismissing her claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 121101-12213. The District Court reasonably concluded that, as an "alter ego" of the Virgin Islands, *cf. SIU de P.R., Caribe Y Latinoamerica v. V.I. Port Auth.*, 42 F.3d 801, 803-804 (3d Cir. 1994), itself a territorial extension of United States sovereignty, *see*, *e.g.*, *United States v. Hyde*, 37 F.3d 116, 121 (3d Cir. 1994), VIPA was exempted from ADA liability because, under 42 U.S.C. § 12111(5)(B)(i), the United States is not a covered employer.[2] Additionally, the 2008 ADA amendments which Smith argues require reversal, *see* 42 U.S.C. § 12103 (defining Virgin Islands as a "State" under the ADA), do not apply retroactively. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994) (delineating factors for

---

[2] Having determined that VIPA was not a covered employer, we do not address whether VIPA would be immunized under the Eleventh Amendment.

determining retroactivity); *e.g.*, *Thornton v. United Parcel Serv., Inc.*, 587 F.3d 27, 34 n.3 (1st Cir. 2009) (holding 2008 ADA amendments non-retroactive).[3]

Moving to the District Court's dismissal of Smith's Title VII claims on summary judgment on August 29, 2008, we find that decision proper as well.  First, the District Court did not grant summary judgment prematurely, even though Smith had not yet taken depositions of several VIPA employees.  The Court relied on what Smith alleged to have occurred, and so additional discovery would not have affected the summary judgment decision.  Second, any error in the District Court's consideration of her Title VII retaliation claim at this juncture, despite the alleged lack of notice, was harmless, because that claim was premised on the same factual allegations as Smith's other Title VII claims, which the Court accepted as true.  *See In re Rockefeller Ctr. Props.*, *Inc. Secs. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999).

Third, the District Court meticulously applied Title VII doctrine in dismissing Smith's claims.  Smith has not indicated which "circumstantial evidence" the District Court ignored in its mixed-motive theory analysis of her Title VII claims, *see Desert Palace, Inc. v. Costa*, 539 U.S. 90, 98-99 (2003), and we detect none:  the ninety-one page opinion thoroughly considered all evidence that Smith submitted or alleged.  Further, Smith's challenges to the District Court's denial of her Title VII anti-retaliation

---

[3] We will not address Smith's clearly meritless contentions that the District Court erred by filing the January 2, 2005 order on a Sunday, and by addressing this defect *sua sponte*.

6

claim continue to rely solely on a loose proximity in time to show causation between her protected Title VII activities and the alleged adverse employment actions. Thus, we must reach the same conclusion as the District Court: she has not substantiated a causal link adequate to support this Title VII violation, s*ee Jalil v. Avdel Corp.*, 873 F.2d 701, 708 (3d Cir. 1989), a failing which equally undermines her reliance on the continuous violation doctrine. *See West v. Philadelphia Elec. Co.*, 45 F.3d 744, 754 (3d Cir. 1995).[4]

Smith also asserts that the District Court improperly "acted as a trier of fact" in dismissing her constructive discharge claim. However, she challenges only one basis for the decision, and we agree with the District Court's alternative reasoning: her resignation letter shows that "the alleged workplace hostility alone was not so unbearable as to cause her to resign," and that her resignation was in fact driven by disagreements over her role as PIO. Thus, the alleged harassment did not rise to the required level of "something more" than offensive behavior. *See Pa. State Police v. Suders*, 542 U.S. 129, 146-47 (2004).

Smith's evidentiary contentions are likewise unpersuasive. First, notwithstanding the relevance of a former assistant's allegations of harassment by Brin, Smith has not challenged the District Court's determination that these unproven claims in unsworn

---

[4] Although Smith's appeal only discusses her Title VII retaliation claim, we agree with the District Court that the continuous violation doctrine did not apply to her hostile work environment claims, since the record could not establish that Brin's conduct was part of "a continuous pattern of derogatory remarks, rude behavior, and discriminatory conduct." *See Rush v. Scott Specialty Gases, Inc.*, 113 F.3d 476, 482 (3d Cir. 1997).

documents could not be used to oppose summary judgment. *See Fowle v. C & C Cola*, 868 F.2d 59, 67 (3d Cir. 1989). Additionally, the District Court had discretion under Federal Rule of Evidence 403 not to admit evidence from Smith's unemployment benefits hearing, which it determined would only confuse the proceedings. *See Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1345 (3d Cir. 2002). Finally, we accord great deference to the District Court's order barring Smith from filing supplemental documents without leave, after all briefing and discovery had been completed for the final summary judgment ruling, and see no abuse of discretion given Smith's continual disregard of procedural rules. *See Drippe v. Tobelinski*, 604 F.3d 778, 783 (3d Cir. 2010).[5]

Moving last to the District Court's 2010 summary judgment order, we find no error. First, Smith submits that the Court erred in regarding VIPA's statement of facts as undisputed, because her verified complaint served as an affidavit for summary judgment purposes. *See Reese v. Sparks*, 760 F.2d 64, 67 (3d Cir. 1985). However, a party opposing a motion for summary judgment must cite to specific materials in the record that demonstrate the existence of a disputed issue of material fact. Fed. R. Civ. P. 56(c)(1)(A). The District Court adhered to Rule 56 and local rule 56.1, finding that Smith's complaint failed to reference specific evidence in the record or any of her

---

[5] Likewise, the District Court's order barring Smith from directly contacting VIPA employees did not prevent her from contacting VIPA's lawyer first, or from deposing witnesses she sought to depose, as is evident from the record.

8

voluminous attachments. We, like the District Court, see no reason to excuse this noncompliance. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

Second, based on the undisputed facts, the District Court did not err in dismissing Smith's breach of contract or FMLA claims. There was no evidence that VIPA ever entered into any employment contract with Smith or intended its employee handbook to function as an agreement. *See Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 115 (3d Cir. 2003). Moreover, her requests for FMLA leave were neither denied nor interfered with. In fact, Smith was granted far more than the requisite twelve weeks of FMLA leave, and therefore could not prevail on the grounds that VIPA denied or interfered with her FMLA request. *See Callison v. City of Philadelphia*, 430 F.3d 117, 120 (3d Cir. 2005).[6]

### IV.

In sum, Smith's appeal presents no substantial question. Accordingly, we will summarily affirm the judgment of the District Court.

---

[6] Smith, in cursory fashion, also submits that the Virgin Islands Donated Leave Act, V.I. Code Ann. tit. 3 §, 583, creates a private right of action. However, she has identified no rights-creating language in the statute, and conceded as much before her claim was dismissed on this basis. *See Wisniewski v. Rodale, Inc.*, 510 F.3d 294, 301 (3d Cir. 2007). Her cursory appeal of her claim under the Rehabilitation Act, 29 U.S.C. § 794, is likewise unsupported.