NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1302
_____

MONIFA A. MARRERO

v.

DARLIN BRIN; VIRGIN ISLANDS PORT AUTHORITY;
UNITED INDUSTRIAL, SERVICE, TRANSPORTATION,
PROFESSIONAL AND GOVERNMENT WORKERS OF
NORTH AMERICA

United Industrial, Service, Transportation,
Professional and Government Workers of
North America,
Appellant
_____

On Appeal from the District Court
for the Virgin Islands
D.C. Civil No. 3-08-cv-00092
(Honorable Curtis V. Gomez)
_____

Argued April 24, 2013

Before: MCKEE, Chief Judge, SCIRICA and VANASKIE, *Circuit Judges*

(Filed: July 1, 2013)


Lee J. Rohn, Esq. (ARGUED)
Terri L. Griffiths, Esq.
Lee J. Rohn & Associates
1101 King Street
Christiansted, VI  00820
        *Counsel for Appellee*

1

Namosha Boykin, Esq.
Pedro K. Williams, Esq. (ARGUED)
5212 Wimmelskafts Gade
St. Thomas, VI 00802

      *Counsel for Appellant*

_____

OPINION

_____

SCIRICA, *Circuit Judge*.

In this unfair representation action, defendant United Industrial, Service, Transportation, Professional and Government Workers of North America (the Union) appeals the District Court's judgment and denial in part of remittitur. We will affirm.

I.

Plaintiff Monifa A. Marrero was an employee of the Virgin Islands Port Authority (VIPA) and a member of the Union. The terms of her employment were governed by a collective bargaining agreement between VIPA and the Union. Marrero complained to the Union that her supervisor, Darlan Brin, was sexually harassing her and retaliating against her for rebuffing his advances. The Union did not investigate or file a grievance on Marrero's behalf, explaining that the collective bargaining agreement did not cover sexual harassment claims. It advised her to hire legal counsel and file a complaint with the United States Equal Employment Opportunity Commission or the Virgin Islands Civil Rights Commission.

Marrero hired legal counsel and filed a complaint in the U.S. District Court for the

2

Virgin Islands against VIPA and Brin. She subsequently amended her complaint to add the Union as a defendant. After incurring $60,000 in attorney's fees and $2,500 in expenses to litigate her claims against VIPA, Marrero reached a settlement agreement with VIPA. The District Court dismissed the claims against Brin.

Marrero filed a Second Amended Complaint against the Union, alleging violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*) and Virgin Islands civil rights statutes, breach of the duty of fair representation under 29 U.S.C. § 185, and intentional infliction of emotional distress.[1] Marrero's claims against the Union proceeded to trial. At the close of evidence, the Union moved for judgment as a matter of law, which the District Court granted on Marrero's claims under Title VII and the Virgin Islands civil rights statutes. The jury found the Union liable for breaching its duty of fair representation but not for intentional infliction of emotional distress. It awarded Marrero $150,000 in economic damages and $50,000 in non-economic damages.

The Union moved for a new trial or remittitur. In her opposition, Marrero agreed to a remittitur of the economic damages award to $62,500, "the amount of economic damages supported by the record evidence at trial." The District Court remitted the economic damages award to $62,500, but denied the motion for a new trial and did not disturb Marrero's non-economic damages award in the amount of $50,000. The Union appeals.

---

[1] The complaint alleged, in the alternative, negligent infliction of emotional distress, but Marrero later dropped that claim.

II.[2]

A.

The Union contends the District Court lacked subject-matter jurisdiction because a federal fair representation claim "only applies to private sector employers and their employees." *Gomez v. Gov't of Virgin Islands*, 882 F.2d 733, 736 (3d Cir. 1989). As "VIPA is an instrumentality of the Virgin Islands government," *SIU de Puerto Rico, Caribe Y Latinoamerica v. V.I. Port Auth.*, 42 F.3d 801, 803 (3d Cir. 1994) (citing V.I. Code Ann. tit. 29, § 541(e)), the Union contends Marrero could only have brought her fair representation claim under the Virgin Islands Public Employee Labor Relations Act (PELRA), V.I. Code Ann. tit. 24, §§ 361-383. *See Gomez*, 882 F.2d at 736 (stating PELRA "governs labor relations between public employers and their employees").

"We exercise plenary review over all jurisdictional questions . . . ." *Biener v. Calio*, 361 F.3d 206, 210 (3d Cir. 2004). Subject-matter jurisdiction is determined by "an examination of the face of the complaint." *Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.*, 605 F.2d 119, 123 (3d Cir. 1979) (internal quotation marks omitted). Regardless "of what theory was eventually relied upon at trial," there is federal original jurisdiction under 28 U.S.C. § 1331 when the complaint sets forth a federal question. *Id.*; 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental

_____

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C. § 185. We have jurisdiction under 28 U.S.C. § 1291.

jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). If a "district court has dismissed all claims over which it has original jurisdiction," it "*may* decline to exercise supplemental jurisdiction over a claim under subsection (a)." *Id.* at § 1367(c) (emphasis added). *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise. A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." (citations omitted)).

As Marrero alleged violations of Title VII of the Civil Rights Act of 1964, the District Court had original jurisdiction under 28 U.S.C. § 1331. Accordingly, the court had supplemental jurisdiction, under 28 U.S.C. § 1367, over Marrero's territorial law claims, even after it granted judgment as a matter of law on the Title VII claims.[3]

B.

---

[3] Furthermore, as the Union concedes, district courts have concurrent jurisdiction over PELRA claims, *see Gomez*, 882 F.2d at 736 ("PELRA gives concurrent jurisdiction to both the territorial and the district court" (citing V.I. Code Ann. tit. 24, § 383(a)), and a fair representation claim under PELRA is "patterned after" a federal fair representation claim, *id.* at 738. The Union contends there is one relevant difference between a territorial and a federal fair representation claim: under PELRA only, "the employer is an indispensable party to a breach of duty of fair representation suit." Appellant's Br. at 13-14. The Union relies on *Gomez* for this proposition, but that opinion states that, under PELRA, an "'employee may, if he chooses, sue one defendant [i.e., the union or the public employer] and not the other . . . .'" 882 F.2d at 737 (quoting *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983)).

The Union contends the District Court erroneously instructed the jury that it could find the Union had violated the duty of fair representation if it found the Union had failed or refused to process a meritorious grievance. *See Findley v. Jones Motor Freight, Div. Allegheny Corp.*, 639 F.2d 953, 958 (3d Cir. 1981) ("The mere refusal of a union to take a complaint to arbitration does not establish a breach of duty, even if the member's claim was meritorious. Proof of arbitrary or bad faith union conduct in deciding not to proceed with the grievance is necessary to establish lack of compliance with the fair representation." (citation omitted)); *Vaca v. Sipes*, 386 U.S. 171, 190 (1967) ("A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.").

"Generally, we review jury instructions for abuse of discretion." *Armstrong v. Burdette Tomlin Mem'l Hosp.*, 438 F.3d 240, 245 (3d Cir. 2006). But here, the Union failed to object to the jury instruction before the District Court, instead stating that, "[o]ther than [the punitive-damages instruction], we're satisfied with the balance of the jury instructions." Accordingly, we review for plain error only. *See* Fed. R. Civ. P. 51(d)(2) ("A court may consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights."); *Franklin Prescriptions, Inc. v. N.Y. Times Co.*, 424 F.3d 336, 339 (3d Cir. 2005) (stating we may

6

review for plain error a jury instruction to which a party failed to object properly).[4]

"Under the discretionary plain error standard, we will reverse the trial court only where a plain error was fundamental and highly prejudicial, such that the instructions failed to provide the jury with adequate guidance and our refusal to consider the issue would result in a miscarriage of justice." *Franklin Prescriptions*, 424 F.3d at 339 (internal quotation marks omitted). We review jury instructions "taken as a whole" to determine whether they "properly apprised the jury of the issues and the applicable law." *Armstrong*, 438 F.3d at 245 (internal quotation marks and brackets omitted).

A review of the record demonstrates the District Court properly instructed the jury three times that to find the Union had breached its duty of fair representation, it had to find the Union's conduct was arbitrary, in bad faith, or discriminatory. The court also instructed:

> So long as the union acts in good faith, the law permits the union to exercise its discretion in determining whether an employee's grievance should be pursued or processed against the employer under the collective bargaining agreement. Even if an employee's grievance has merit, mere negligence or the exercise of poor judgment on the part of the union does not, in and of itself, constitute a breach of its duty of fair representation.

Nevertheless, the Union cites to one instance where the court said a union breaches its

---

[4] Marrero contends the Union waived the jury instruction issue by inviting any error. *See United States v. Wells*, 519 U.S. 482, 487-88 (1997) ("Courts of Appeals have stated . . . under the invited error doctrine that a party may not complain on appeal of errors that he himself invited or provoked the district court to commit." (internal quotation marks, brackets, and ellipses omitted)); *United States v. Ozcelik*, 527 F.3d 88, 97 n.6 (3d Cir. 2008) ("Because Ozcelik made a joint request in favor of the very instructions he now challenges, he waived his right to raise these instructional issues on appeal under the invited error doctrine."). Here, the Union did not request the jury instructions the trial

duty when it "acts in bad faith, discriminates, is arbitrary or fails or refuses to process a meritorious grievance." But as we have stated, the court explicitly, on several occasions, gave the proper instructions. Accordingly, the court's instructions, taken as a whole, properly apprised the jury of the applicable law and certainly did not constitute plain error.[5]

## C.

"The fundamental purpose of unfair representation suits is to compensate for injuries caused by violations of employees' rights." *Int'l Bhd. of Elec. Workers v. Foust*, 442 U.S. 42, 48-49 (1979). Accordingly, damages and equitable relief can be awarded when necessary to make an injured employee whole. *Id.* at 49. "Because an employee can recover in full from his employer for its breach of contract, . . . a union which fails to process a grievance predicated on that breach cannot be held liable for damages attributable to the employer's conduct." *Id.* A "union may be held liable *only* for increases if any in the employee's damages caused by the union's refusal to process the grievance." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 168 (1983) (internal

court delivered, but simply stated it was satisfied with them. Accordingly, the invited error doctrine does not apply.

[5] The Union also challenges the sufficiency of the evidence, contending "[t]he only way that a rational jury could find that the Union breached its duty of fair representation is if the jury was improperly instructed." Appellant's Br. at 17. As the Union concedes it failed to raise the issue of the sufficiency of the evidence in a postverdict Fed. R. Civ. P. 50(b) motion, Reply Br. at 6, it has waived the issue on appeal. *See Ortiz v. Jordan*, 131 S. Ct. 884, 893 (2011) ("To the extent that the officials urge Ortiz has not proved her case, they were . . . obliged to raise that sufficiency-of-the-evidence issue by postverdict motion for judgment as a matter of law under Rule 50(b). They did not do so. The Court of Appeals, therefore, had no warrant to upset the jury's decision on the officials' liability." (citation omitted)).

quotation marks and brackets omitted). "An award against the union would be appropriate for those expenditures flowing from its own wrongful conduct, such as attorneys' fees, court costs, and other expenses incidental to the employees' efforts to recover against the employer." *Peterson v. Lehigh Valley Dist. Council, United Bhd. of Carpenters & Joiners*, 676 F.2d 81, 88 (3d Cir. 1982).

The Union contends the District Court should have remitted the jury's damages award to a nominal sum. The Union explains that because evidence of Marrero's settlement agreement with VIPA was not in the record, the jury could not have ascertained what portion of Marrero's damages were attributable to the Union, as opposed to VIPA. In this case, the Union is incorrect.

"A remittitur is in order when a trial judge concludes that a jury verdict is clearly unsupported by the evidence and exceeds the amount needed to make the plaintiff whole . . . ." *Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1100 (3d Cir. 1995) (internal quotation marks omitted). "The trial judge's decision to grant or withhold a remittitur cannot be disturbed absent a manifest abuse of discretion." *Id.* Here, the District Court remitted Marrero's economic damages award to $62,500 because "[t]he uncontroverted testimony at trial established that Marrero paid $60,000 in attorney's fees and $2,500 in litigation expenses" to litigate against VIPA. *Marrero v. United Indus., Serv. Transp., Prof'l & Gov't Workers of N. Am.*, No. 2008-92, 2012 WL 113778, at *3 (D.V.I. Jan. 13, 2012). As Marrero would not have incurred these expenses had the Union represented her, they were attributable to the Union. *See Peterson*, 676 F.2d at 88; *see also Vencl v. Int'l Union of Operating Eng'rs, Local 18*, 137 F.3d 420, 426-27 (6th Cir. 1998) (holding

9

that an employee's settlement of his claims against his employer does not prevent him from recovering, from a union, expenses incurred in pursuing those claims). Accordingly, the District Court did not err by remitting the jury's economic damages award to $62,500, and not less.

Nor did the District Court err by not disturbing the jury's $50,000 non-economic damages award. Marrero testified that the Union's failure to represent her caused her to suffer from depression, weight gain, tension headaches, and stomach cramps: "Every time I realized that I was on my own, without any representation from my union, I became depressed. . . . I had headaches. I gained weight. I was just – I was a wreck. . . . I suffered from stomach cramps. I mean, I was stressed out." *Marrero*, 2012 WL 113778, at *4 (citing Fourth, Fifth, Eighth, Ninth, and Tenth Circuit cases granting $50,000 in compensatory damages to plaintiffs suffering injuries similar to Marrero's). *See also Williams v. Trader Publ'g Co.*, 218 F.3d 481, 486 (5th Cir. 2000) (stating that the plaintiff's testimony alone may be sufficient evidence to support a jury award of compensatory damages).

## III.

For the foregoing reasons, we will affirm the orders of judgment and denial in part of remittitur.