IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
April 09, 2025 02:53 PM
ST-2020-CV-00032
**TAMARA CHARLES**
**CLERK OF THE COURT**



**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**
\*\*\*

| | |
|---|---|
| VIRGIN ISLANDS PORT AUTHORITY, ) | CASE NO. ST-2020-CV-0032 |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | |
| CARIBBEAN ASSOCIATES, INC., ) | |
| ) | |
| Defendant. ) | |
| CARIBBEAN ASSOCIATES, INC., ) | |
| ) | JURY TRIAL DEMANDED |
| Counterclaim Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | |
| VIRGIN ISLANDS PORT AUTHORITY, ) | |
| ) | |
| Counterclaim Defendant. ) | |

Cite as 2025 VI Super 10U

Appearances:

**KYLE R. WALDNER, ESQUIRE**
Quintairos, Prieto, Wood & Boyer, P.A.
St. Thomas, U.S.V.I.
*For Plaintiff*

**JOHN H. BENHAM, ESQUIRE**
St. Thomas, U.S.V.I.
*For Defendant*

## MEMORANDUM OPINION AND ORDER

¶1    Pending before this Court are:

1. VIPA'S Partial Motion To Dismiss Counts One, Three, And Four Of The First Amended Counterclaim For Failure To State A Claim;

2. Defendant Caribbean Associates, Inc.'s Response To Virgin Islands Port Authority's Partial [Motion] To Dismiss Counts One, Three And Four Of The First Amended Counterclaim For Failure To State A Claim; and

*V. I. Port Authority v. Caribbean Associates, Inc.*
Case No. ST-2020 -CV-00032
**Memorandum Opinion and Order**
**Page 2 of 13**

2025 VI Super 10U

3. Reply In Support Of VIPA's Partial Motion To Dismiss Counts One, Three, And Four Of The First Amended Counterclaim For Failure To State A Claim.

¶2　For the reasons set forth below, VIPA's Partial Motion To Dismiss Counts One, Three, And Four Of The First Amended Counterclaim For Failure To State A Claim will be denied as to Counts I and IV, and granted as to Count III.

¶3　In support of its Partial Motion To Dismiss (the "Motion"), the Virgin Islands Port Authority ("VIPA") argues: (1) that Caribbean Associates, Inc. ("CAI")'s Claim for "Recovery of Possession of Real Property" in Count I of the Counterclaim is time-barred and must be dismissed; (2) CAI's claim for unjust enrichment in Count III must be dismissed because a claim for unjust enrichment cannot stand where an express contractual agreement exists between the parties; and (3) CAI's claim for trespass fails for lack of subject matter jurisdiction because CAI did not comply with the requirements of the Virgin Islands Tort Claims Act ("VITCA") and because of the gist of the action doctrine.

¶4　In response, CAI argues: (1) that Count I is not time-barred, as the Virgin Islands Tort Claim Act does not apply to VIPA, (2) CAI's claim for unjust enrichment does not fail because VIPA's contests the existence of a valid enforceable lease between the parties; and (3) CAI's claim for trespass is not subject to dismissal because the gist of the action doctrine is applicable if the VIPA concedes the existence of a valid contract of lease.

## I.　LEGAL STANDARD

### A. V.I. R. Civ. P. 12(b)(1) Lack of Subject Matter Jurisdiction.

¶5　Virgin Islands Rule of Civil Procedure 12(b)(1) allows a party to assert by motion the defense that the Court lacks subject-matter jurisdiction.[1] As Rule 12(b)(1) is a jurisdictional attack, the Court must consider that motion before reaching 12(b)(6) motions.[2] A Rule 12(b)(1) motion may be treated either as facial or factual.[3] The difference, as explained by the Virgin Islands District Court, is that "[o]n a facial attack, a court must accept the allegations in the complaint as true"

---

[1] V.I. R. CIV. P. 12(b)(1).

[2] *Brunn v. Dowdye*, 59 V.I. 899, 904 (V.I. 2013) (citing *V.I. Gov't Hosp. & Health Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 279 (V.I. 2008)) ("Prior to considering the merits of a matter before it, a court is obligated to examine whether it has subject matter jurisdiction over the dispute."); *see also In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993) ("When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot.").

[3] *Racz v. Cheetam*, 2019 VI SUPER 99U, ¶ 8 (citing first *Raymond v. Assefa*, Super. Ct. Civ. No. ST-15-CV-185, 2017 V.I. LEXIS 153, at *2 (V.I. Super. Nov. 8, 2017) (unpublished); then *Williams v. Juan F. Luis Hosp.*, 2019 VI Super. 54U, ¶ 3) ("Rule 12(b)(1) motions attacking the court's subject-matter jurisdiction may either be treated as facial or factual.").

*V. I. Port Authority v. Caribbean Associates, Inc.*
Case No. ST-2020 -CV-00032
**Memorandum Opinion and Order**
**Page 3 of 13**

2025 VI Super 10U

whereas with a factual challenge "the plaintiff's allegations are not presumed to be true."[4] With a facial attack, the Court only looks to the complaint and any documents referenced in or attached to the complaint in a light most favorable to the plaintiff.[5] However, when the challenge is factual, the Court must evaluate the merits of the jurisdictional claim based on the evidence offered by either party and the plaintiff is not afforded a presumption of truthfulness.[6]

## B. V.I. R. Civ. P. 12(b)(6) Failure to State a Claim.

¶6    Virgin Islands Rule of Civil Procedure 12(b)(6) allows a party to challenge a pleading for "failure to state a claim upon which relief can be granted."[7] To survive a 12(b)(6) motion, the plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief,"[8] and "[t]he facts alleged in the pleadings, and any inferences drawn therefrom must be viewed in the light most favorable to the plaintiff."[9] All material allegations in the complaint are taken as true, and the Court must construe all facts in a light most favorable to the non-moving party.[10] "Even if a complaint is 'vague,' 'inartfully drafted,' 'a bare-bones outline,' or 'not a model of specificity,' the complaint may still be adequate so long as it can reasonably be read as supporting a claim for relief..."[11] The purpose of a motion to dismiss at this stage of litigation "is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case."[12] Further, "matters outside of the pleadings should not be considered in deciding a Rule 12(b)(6) motion to dismiss."[13]

¶7    Since Virgin Islands Rule 8(a)(2) explicitly states that the Virgin Islands is a notice pleading jurisdiction, a plaintiff merely needs to provide a basic legal and factual basis for her claim to put a defendant on fair notice of the claims brought against him.[14] In fact, "[t]he complaint need not identify the particular legal theories that will be relied upon, but it must describe the essence of the

---

[4] *Weiss v. Maccaferri, Inc.*, Civil No. 14-46, 2016 U.S. Dist. LEXIS 50436, at *4 (D.V.I. Apr. 11, 2016) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891, 892 n.17 (3d Cir. 1977)) (unpublished).

[5] *Hansen v. Gov. Juan F. Luis Hosp. & Med. Ctr.*, Case No. SX-2015-CV-00509, 2018 V.I. LEXIS 87, at *4-5 (V.I. Super. Ct. June 33, 2018) (citing *James-St. Jules v. Thompson*, Civil No. SX-2009-CV-00136, 2015 V.I. LEXIS 74, at *7 (V.I. Super. Ct. June 25, 2015) (unpublished)) (unpublished).

[6] *Id.* at *5 (citing *Weiss*, 2016 U.S. Dist. LEXIS 50436, at *4; then *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 632 (3rd Cir. 2017).

[7] V.I. R. CIV. P. 12(b)(6).

[8] V.I. R. CIV. P. 8(a)(2).

[9] *Adams v. North West Company (International), Inc.*, 63 V.I. 427, 438 (V.I. Super. Ct. 2015) (citing *Benjamin v. AIG Ins. Co. of Puerto Rico*, 56 V.I. 558, 566 (V.I. 2012)).

[10] *L'Henri, Inc. v. Vulcan Materials Co.*, Civ. No. 206-170, 2010 WL 924259, at *1 (D.V.I. Mar. 11, 2010) (citing *Christopher v. Harbury*, 536 U.S. 403, 406 (2002)).

[11] *Basic Servs., Inc. v. Gov't of Virgin Islands*, 2019 VI 21, ¶12 (citing *Casaday v. Allstate Ins. Co.*, 232 P.3d 1075, 1080 (Utah App. 2010)).

[12] § 39:32. General standards for a Rule 12(b)(6) dismissal, 6 Annotated Patent Digest § 39:32

[13] *Id.*

[14] *See Bank of Nova Scotia v. Flavius*, Super. Civ. No. SX-16-CV-125, 2018 WL 745958, at *6 (Super. Ct. Feb. 2, 2018).

*V. I. Port Authority v. Caribbean Associates, Inc.*
Case No. ST-2020 -CV-00032
Memorandum Opinion and Order
Page 4 of 13

2025 VI Super 10U

claim and allege facts sufficient to demonstrate that the complaining party has been injured in a way that entitles him or her to relief."[15] This standard is reinforced by the policy that litigants should not be expected to win their cases on the pleadings but rather be given their day in court,[16] and the standard is necessarily a more liberal and forgiving approach that is different from the *Twombly* plausibility standard.[17] Essentially, Rule 8(a)(2) allows the Court to proceed with the discovery process and address pleadings based on the merits of each asserted claim,[18] and "[p]leadings . . . must be fatally defective before they may be rejected as insufficient."[19] Further, "the purpose of the notice pleading standard is to avoid 'dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief.'"[20]

## II.   ANALYSIS

### A. The Virgin Islands Tort Claims Act is not applicable to the Virgin Islands Port Authority.

¶8     VIPA argues "[a] claimant who seeks to file an action against and instrumentality of the Government of the Virgin Islands like VIPA comply with the filing requirements of the [Virgin Islands Tort Claims Act]" which provides, in pertinent part:

> "Government of the Virgin Islands" includes the executive, legislative, and judicial branches of the Government of the Virgin Islands, agencies and instrumentalities of the Government of the Virgin Islands, and Governing Boards and Commissions of the Government of the Virgin Islands, including but not limited to the Virgin Islands Government Hospitals and Health Facilities Corporation, but does not include any contractor with the Government of the Virgin Islands.[21]

¶9     VIPA further asserts that: (1) because CAI failed to comply with the claims filing requirements of the VITCA with respect to its tort claim of trespass within 2 years of its accrual, its clams are time-barred on the face of the Counterclaim; and (2) due to its failure to comply with

---

[15] *Howe v. MMG Ins. Co.*, 95 A.3d 79, 81-82 (Me. 2014) (internal quotation marks omitted).

[16] *See Carrillo v. Boise Tire Co., Inc.*, 274 P.3d 1256, 1267 (Idaho 2012) ("The Idaho Rules of Civil Procedure set forth a system of notice pleading intended to free litigants from what were once rigid pleading requirements.").

[17] *See Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 604-05 (Minn. 2014) ("After all, Minnesota is a notice-pleading state and 'does not require absolute specificity in pleading, but rather requires only information sufficient to fairly notify the opposing party of the claim against it.'"); *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011) ("Tennessee follows a liberal notice pleading standard, . . . which recognizes that the primary purpose of pleadings is to provide notice of the issues presented to the opposing party and court."); *McCurry v. Chevy Chase Bank, FSB*, 233 P.3d 861, 864 (Wash. 2010) (en banc) ("Under CR 12(b)(6) a plaintiff states a claim upon which relief can be granted if it is *possible* that facts could be established to support the allegations in the complaint.") (emphasis in original).

[18] *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("The liberal notice pleading of [Federal] Rule [of Civil Procedure] 8(a) . . . was adopted to focus litigation on the merits of a claim.").

[19] *Corwin v. British American Tobacco PLC*, 796 S.E.2d 324, 333 (N.C. Ct. App. 2016).

[20] *Basic Servs., Inc.*, ¶10 (citations omitted).

[21] 33 V.I.C. § 3401.

the statute's pre-filing requirement that this Court lacks subject matter jurisdiction over Count Four (Trespass) of the Counterclaim.

¶10    CAI argues that the VITCA does not apply to VIPA because: (1) VIPA is absent from the agencies and instrumentalities of the Government identified in the statute; (2) VIPA was created as a public body and autonomous government instrumentality; (3) VIPA is not the alter ego of the Government; (4) any judgment against VIPA would not be satisfied with public monies; and (5) VIPA is autonomous from the Government of the Virgin Islands (the "Government").

¶11    VIPA contends that the factors that CAI relies upon from the " '*Benn* Eleventh Amendment immunity analysis' embraced by the *Doolin* Court" to determine whether an entity is an "alter ego" of the government, should not apply in this case, as the test, among other things, has never been adopted by the Virgin Islands Supreme Court.  However, the applicable analysis that has been adopted by the Third Circuit Court of Appeals for determining whether an entity is an arm or "alter ego" of the Government for Eleventh Amendment purposes is binding on the Superior Court in the absence of a decision by the V. I. Supreme Court, and it will be applied in this matter.[22]  The factors to consider in determining

> whether Eleventh Amendment immunity extends to an entity as an arm of the state, a court must consider three factors: "(1) Whether the money that would pay the judgment would come from the state ...; (2) The status of the agency under state law ...; and (3) What degree of autonomy the agency has." *Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989). These are commonly known as: (1) the "funding factor," (2) the "status factor," and (3) the "autonomy factor." *Jones v. Pi Kappa Alpha Int'l Fraternity, Inc.*, 765 F. App'x 802, 806 (3d Cir. 2019) (citation omitted). Additionally, each factor includes consideration of several subfactors, as discussed in detail below. In conducting this analysis, "courts should not simply engage in a formulaic or mechanical counting up of the factors." *Karns v. Shanahan*, 879 F.3d 504, 513–14 (3d Cir. 2018). "Rather, each case must be considered on its own terms, with courts determining and then weighing the qualitative strength of each individual factor in the unique factual circumstances at issue." *Id.* at 514. Thus, a court's application of the *Fitchik* test "is a 'fact-intensive' undertaking that requires a fresh analysis and 'individualized determinations' " at each step. *Maliandi*, 845 F.3d at 84 (citation omitted).[23]

None of the foregoing three factors has primacy over the others.[24] The approach has evolved such that:

> the relevant inquiry in determining whether Eleventh Amendment immunity extends to a government entity is "the entity's potential legal liability, rather than

---

[22] *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967, 974 (V.I. 2011) (citations omitted).
[23] *Kragel v. Virgin Islands Water & Power Auth.*, No. CV 2021-78, 2023 WL 12004607, at *3 (D.V.I. Mar. 31, 2023).
[24] *Id.* at *3.

*V. I. Port Authority v. Caribbean Associates, Inc.*
Case No. ST-2020 -CV-00032
Memorandum Opinion and Order
Page 6 of 13

2025 VI Super 10U

its ability or inability to require a third party to reimburse it, or to discharge the liability in the first instance." *Benn*, 426 F.3d at 239 (quoting *Doe*, 519 U.S. at 431). "Under this evolved approach, none of the three *Fitchik* factors is 'predominant.' " *Karns*, 879 F.3d at 513 (citation omitted). "[E]ach of the factors is considered 'co-equal,' and 'on the same terms,' " *id.* (citations omitted), "with the funding factor breaking the tie in a close case." *Maliandi*, 845 F.3d at 84.[25]

### 1. Whether VIPA is an arm of the Government of the Virgin Islands.

#### a) The funding factor.

¶12  The first factor examines whether the money that would pay a judgment, if any, would come from the State, or in this case, the Government of the Virgin Islands. Within this inquiry are three subfactors:[26]

(1) a state's legal obligation to pay a money judgment entered against the entity; (2) whether the agency has money to satisfy the judgment; and (3) whether there are specific statutory provisions that immunize the state from liability for money judgments."[27]

#### (1) Whether the Territory is obligated to pay a judgment against VIPA.

¶13  VIPA's enabling statute clearly states that its debts are its own and not that of the Government of the Virgin Islands: "The debts, obligations, contract, bonds, notes, debentures, receipts, expenditures, accounts, funds, facilities, and property of the Authority shall be deemed to be those of said Authority and not to be those of the Government of the Virgin Islands, or any office, bureau, department, agency, commission, municipality, branch, agent, offices or employee thereof."[28] This subfactor weighs against granting sovereign immunity.

#### (2) Whether VIPA has money to satisfy an adverse judgment.

¶14  This subfactor is also addressed by the statute that details VIPA's power:

(5) to make contracts and to execute all instruments necessary or convenient in the exercise of any of its powers;
(6) to acquire by any lawful means (except by exercise of the power of eminent domain), own, hold, develop, improve, redevelop, enlarge, extend, repair, maintain, use and operate any property or interest therein; and to sell, lease, exchange, transfer, assign, mortgage, pledge, grant or otherwise dispose of, or encumber, such property or any interest therein. In no case shall the Authority have the power to sell, assign, mortgage, pledge, grant or otherwise dispose of or encumber any real

---

[25] *Id.* at *3.
[26] *Id.* at *5 citing *Patterson v. Pa. Liquor Control Bd.*, 915 F.3d 945, 950 (3d Cir. 2019).
[27] *Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989).
[28] 29 V.I.C. § 541(e).

*V. I. Port Authority v. Caribbean Associates, Inc.*
Case No. ST-2020 -CV-00032
Memorandum Opinion and Order
Page 7 of 13

2025 VI Super 10U

property, franchise, concession, privilege or right of any interest therein without the approval of the Legislature (or the Committee of the Finance of the Legislature when the Legislature is not in Session), and the Governor;

(7) to acquire through condemnation real property and any other property or rights necessary for carrying out the purposes of the Authority when the approval of the Governor and the Legislature has been obtained prior to bringing any action for condemnation;

(8) to borrow money, make and issue bonds of the Authority for any of its corporate purposes, and to give security therefor as provided for in subchapter III of this chapter...

(9) to make and issue bonds for the purpose of funding, refunding, purchasing, paying, or discharging any of the outstanding bonds or obligations issued or assumed by it...[29]

VIPA has the ability to borrow money, issue bonds and otherwise generate revenue from the various fees charged to airlines, all ships utilizing V.I. ports and property. This factor also weighs against finding sovereign immunity or that the V.I. Tort Claims Act applies to VIPA.

### (3) Whether the Virgin Islands statutes immunize the Territory from liability for money.

¶15    This "third subfactor stands for the simple proposition that where the State has expressly immunized itself from the entity's liabilities, it thereby indicates the entity is not an arm of the State and hence not entitled to protection under the Eleventh Amendment."[30] Once again, the VIPA's enabling statute addresses this subfactor with the language providing that the debts and obligations of the VIPA are its own and not those of the Government of the Virgin Islands. This subfactor also weighs heavily against the applicability of the VITCA to VIPA.

### b) The status factor.

¶16    This factor requires the Court to determine whether Territorial law treats VIPA like an arm of the Government of the V.I.[31] which requires an evaluation of the following: "(1) how the law treats the agency generally; (2) whether the agency is separately incorporated; (3) whether the agency can sue and be sued in its own right; (4) and whether it is immune from state taxation."[32]

---

[29] 29 V.I.C. § 543(5) – (9).

[30] *Kragel v. V.I. Water & Power Auth.*, at *6 citing *Maliandi v. Montclair State Univ.*, 845 F.3d 77, 90 (3rd Cir. 2016).

[31] *Kragel*, at *6 citing *Maliandi*, 845 F.3d at 91.

[32] *Kragel* at *6 citing *Patterson*, 915 F.3d at 953.

*V. I. Port Authority v. Caribbean Associates, Inc.*
Case No. ST-2020 -CV-00032
Memorandum Opinion and Order
Page 8 of 13

2025 VI Super 10U

### (1) How Virgin Islands law treats VIPA generally.

¶17    As discussed earlier, VIPA's enabling statute seems to be contradictory, decreeing that it is "body corporate and politic constituting a public corporation and autonomous governmental instrumentality for the Government of the Virgin Islands."[33]

### (2) VIPA's incorporation.

¶18    VIPA is a corporation controlled and governed by a Board of Directors consisting of the Commissioner of Tourism, the Attorney General, the Commissioner of Public Works, and the Chairman of the Economic Development Authority and five other persons appointed by the Governor with the advice and consent of the Legislature."[34] Thus, on the one hand, VIPA is subject to the control of the Government to a limited extent, but on the other hand, the same statute also decrees that VIPA has a "legal existence and personality separate and apart from the Government and the officers controlling it."[35] This subfactor weighs against application of the VITCA.

### (3) VIPA can sue and be sued in its own name.

¶19    Unlike other agencies or departments of the executive branch such as the Departments of Education and the V.I. Police Department to name a few, VIPA is authorized and empowered, *inter alia*, to sue and be sued in its corporate name.[36] VIPA can modify its bylaws, sue and be sued in its corporate name, and make contracts for various reasons. This weighs against application of the VITCA.

¶20    To sell property the VIPA must get approval from the Government, but this is consistent with respect to it serving as the steward of public lands.[37]

### (4) VIPA is immune from Territorial taxation.

¶21    Section 556 of Title 29 exempts all VIPA property, including funds from levy and sale by virtue of execution, but then excludes bondholders, mortgage holders or other lending institutions from this prohibition. VIPA is exempt from all taxes and special assessments of the Virgin Islands.[38] This supports a finding that the VIPA is an arm of the Government of the VI.

### (5) Additional considerations.

¶22    Similar to the VITCA, Title 29 of Section 556 of the Virgin Islands Code also provides:

---

[33] 29 V.I.C. § 541.
[34] 29 V.I.C. § 541(a).
[35] Title 29 V.I.C. § 541(e).
[36] Title 29 V.I.C. § 543(4).
[37] Title 29 V.I.C. § 543(6).
[38] Title 29 V.I.C. § 556(b).

No judgment may be rendered against the Authority in excess of $75,000 in any suit or action against the Authority with respect to any injury to or loss of property or personal injury or death that:

(1) is caused by the negligent or wrongful act or omission of an employee of the Authority while acting within the scope of the employee's employment under circumstances where the Authority, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred; or

(2) occurs in connection with the use of the Authority's facilities.

(d) Paragraphs (1) and (2) of subsection (c) do not apply if the injury, loss of property or death is caused by the gross negligence of an employee of the Authority while the employee is acting within the scope of employment.

(e) The Authority consents to have the liability determined in accordance with the same rule of law as applied to actions in the courts of the Virgin Islands against individuals or corporations.

¶23     The foregoing cap on judgments against the VIPA is a compelling indicator that it is not subject to the VITCA which provides that "[n]o judgment shall be awarded against the Government of the United States Virgin Islands in excess of $25,000."[39] In other words, if the VIPA were subject to the VITCA, then it would not require a separate law limiting the amount of judgment that may be entered against it.

### c) The autonomy factor.

¶24     The autonomy factor focuses "'on the entity's governing structure and the oversight and control exerted by a State's governor and legislature.'"[40] Thus, this factor asks whether VIPA's autonomy is "constrained enough" to deem it an arm of the Territory.[41] "The lesser the autonomy of the entity and greater the control by the State, the greater the likelihood the entity will share in the State's Eleventh Amendment immunity."[42] Although VIPA's board members are appointed by the Governor and approved by the Legislature, the autonomy and the authority that VIPA may exercise is significant. VIPA's enabling statute provides that it is a

corporation having legal existence and personality separate and apart from the Government and the officers controlling it. The debts, obligations, contract, bonds, notes, debentures, receipts, expenditures, accounts, funds, facilities, and property of the Authority shall be deemed to be those of said Authority and not to be those of the Government of the Virgin Islands, or any office, bureau, department, agency, commission, municipality, branch, agent, offices or employee thereof.[43]

---

[39] Title 33 V.I.C. § 3411(c).

[40] *Maliandi,* 845 F.3d at 96.

[41] *Maliandi,* 845 F.3d at 99.

[42] *Id.*

[43] 29 V.I.C. § 541.

*V. I. Port Authority v. Caribbean Associates, Inc.*
Case No. ST-2020 -CV-00032
Memorandum Opinion and Order
Page 10 of 13

2025 VI Super 10U

¶25    VIPA's board of directors operate under own their bylaws and hire their own Executive Director, legal counsel and others:

> The Board shall appoint in addition to the Executive Director of the Authority, such other officers, agents, or employees, permanent or temporary, and by contract or otherwise may employ such consulting engineers, superintendents, managers, enforcement officers, fiscal, legal and other technical experts, as it may deem necessary and shall determine their qualifications, duties, tenure and compensation. The bylaws of the Authority may provide for the delegation to its Executive Director or its other officers, agent or employees of such of the powers and duties of the Authority as the Board may deem proper…
>
> . . .
>
> (d) The Executive Director shall be appointed by the Board exclusively upon the basis of merit as determined by technical training, skill, experience, and other qualifications best suited to carrying out the purposes of the Authority. The Executive Director shall be removable by the Board but only for cause and after notice and an opportunity to be heard.[44]

The foregoing weighs against VIPA being the alter ego of the Government of the V.I. because once the Board members are appointed any control over their actions is minimal and statutory constraints are out-numbered and outweighed the sheer breath of the actions that VIPA is authorized to undertake in fulfilling its mission.

### d)    Balancing the factors.

¶26    After weighing and balancing the factors articulated above, the Court finds that scales balance heavily against attributing alter ego status to VIPA. The most significant factors are the fact that the Government is, by statute, not responsible for VIPA's debts, the V.I. Legislature enacted law, separate and distinct from the VITCA, that imposes a cap on judgments against VIPA, and while VIPA is subject to some governmental oversight and control, it enjoys a "'substantial degree of autonomy and independence from the Executive branch" in its day-to-day operations.'"[45] Further, the ability to issue bonds is a significant power which highlights the ability of VIPA to be self-sufficient. And as reasoned by the Third Circuit in *Maliandi*, with the funding factor breaks the tie in a close case.[46]

---

[44] 29 V.I.C. § 542.
[45] Cf *Bryan*, 2023 WL 2504725, at *10 (citation omitted).
[46] 845 F.3d at 84.

*V. I. Port Authority v. Caribbean Associates, Inc.*
Case No. ST-2020 -CV-00032
**Memorandum Opinion and Order**
**Page 11 of 13**

2025 VI Super 10U

¶27    Based upon the foregoing, this Court finds that VIPA is not the alter ego of the Government of the Virgin Islands and the VITCA does not apply to VIPA.[47] Therefore, the two-year limit applied to bringing actions against government entities pursuant to the VITCA does not apply to the VIPA, and VIPA's Motion to Dismiss will be denied with respect to Count I for Recovery of Possession for Real Property and Count IV for trespass.

### B. The existence of a contract between the parties, in the form of a Lease Agreement, bars CAI's Counterclaim for unjust enrichment.

¶28    Count III of CAI's Counterclaim alleges that VIPA has been unjustly enriched by its "unlawful withholding of possession of a portion of the leased premises for its own uses." The instant case arises from a Lease Agreement entered into between VIPA and CAI effective April 15, 2015.[48]

¶29    "The elements of the unjust enrichment cause of action to require the plaintiff to prove (1) that the defendant was enriched, (2) that such enrichment was at the plaintiff's expense, (3) that the defendant had appreciation or knowledge of the benefit,[12] and (4) that the circumstances were such that in equity or good conscience the defendant should return the money or property to the plaintiff."[49] However, it is well established that a cause of action for restitution generally fails when there is an express contract between the parties concerning the same subject matter. This principle is known as the "barred by contract rule," which states that equitable remedies, such as unjust enrichment, are inappropriate where a legal remedy is available through an existing contract.[50] The existence of an express contract or lease agreement in the instant case bars the CAI's Counterclaim for unjust enrichment because the terms of the express contract define the parties' respective rights, duties, and expectations, making equitable remedies unnecessary and inappropriate.[51]

¶30    CAI argues that existence of an express contract or lease agreement does not bar the unjust enrichment cause of action because "…in this action VIPA fails to concede the existence of valid, enforcement contract of lease between the parties. Instead, VIPA's complaint includes a claim for judgment declaring the lease void ab initio." From there, CAI extrapolates that should VIPA prevail in declaring the lease void, then the barred by contract doctrine is in applicable. The Court finds

---

[47] The District Court in *V.I. Port Authority v. Balfour Beatty, Inc.*, 30 V.I. 289 (D.V.I. 1994) after addressing and weighing the three factors, determined that the VIPA was not an alter ego of the Government of the Virgin Islands.[47] The same conclusion was reached in *Ballentine v. V.I. Port Authority*, 955 F. Supp. 480, 35 V.I. 472 (D.V.I. 1997).

[48] Pl.'s Compl. ¶ 11.

[49] *Walters v. Walters*, 60 V.I. 768, 779–80 (V.I. 2014).

[50] *Matthews v. R&M General Contractors, Inc.*, 72 V.I. 583, 595, 2020 VI SUP 033 ¶ 21 (V.I. Sup Ct. Mar. 11, 2020).

[51] *Cacciamani and Rover Corporation v. Banco Popular De Puerto Rico*, 61 V.I. 247, 252 (V.I. 2014).

*V. I. Port Authority v. Caribbean Associates, Inc.*
Case No. ST-2020 -CV-00032
Memorandum Opinion and Order
Page 12 of 13

2025 VI Super 10U

this to be an overly simplistic characterization of VIPA's Complaint which seeks: (a) judgment declaring the 2015 Lease cancelled *ab initio* for mutual mistake; or in the alternative: (b) reform the 2015 Lease by submitting a description that does not include the area created by excavation in place of the erroneous description contained in the 2015 Lease. It is clear that the remedies sought by VIPA are not limited to simply declaring the Lease void. VIPA correctly relies upon V.I. R. Civ. P. 8 which specifically provides that a demand for relief may include relief in the alternative, or different types of relief.

¶31     Because of the existence of a Lease Agreement between the parties, which bars CAI's cause of action for unjust enrichment, VIPA's Motion to Dismiss will be granted with respect to Count III.

### C.   The gist-of-the-action doctrine is no longer recognized in the Virgin Islands.

¶32     VIPA further asserts that the gist-of-the-action doctrine bars CAI's trespass claim. In 2023, the V.I. Supreme Court held that the gist-of-the-action doctrine "does not represent the soundest rule for the Virgin Islands."[52] While the gist-of-the-action doctrine is no longer recognized in the Virgin Islands, the Court in *Robertson* also stated that if a party prevails on multiple claims, the winning party cannot receive a double or a triple recovery.[53] Therefore, while the gist-of-the-action doctrine is no longer applicable in the Virgin Islands, CAI, should it ultimately prevail, is barred from recovering under both a tort theory and a contract theory.[54] Based upon *Robertson v. Banco Popular De P.R.*, CAI's trespass claim will not be dismissed based upon the gist-of-the-action doctrine.

Accordingly, it is hereby

**ORDERED** that the Virgin Islands Port Authority's Partial Motion to Dismiss is **GRANTED with respect to Count III, and Count III of the Caribbean Associates, Inc.'s Counterclaim is DISMISSED**; and it is further

---

[52] *Robertson v. Banco Popular De P.R.*, 77 V.I. 574, 599, 2023 VI ¶38 (2023).

[53] *Id.*

[54] *Id.* at 599 ("This Court has already held that plaintiffs are prohibited from receiving a double recovery that would require a defendant to pay twice for the same element of damages – not just when a plaintiff sues a defendant for both breach of contract and tort, but also when a plaintiff sues a defendant for two or more torts. *See R.J. Reynolds Tobacco Co. v. Gerald*, 2022 VI 14 ¶ 128 (collecting cases); *see also Gould v. Salem*, 59 V.I. 813, 818-19 (V.I. 2013) (outlining procedural mechanisms for defendants to modify or vacate a judgment to preclude a double recovery for the same injuries).

*V. I. Port Authority v. Caribbean Associates, Inc.*
**Case No. ST-2020 -CV-00032**
**Memorandum Opinion and Order**
**Page 13 of 13**

2025 VI Super 10U

**ORDERED** that the Virgin Islands Port Authority's Partial Motion to Dismiss is **DENIED with respect to Count I and Count IV**; and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to Attorneys Kyle R. Waldner and John H. Benham.

DATED: 4/9/25

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

BY: _____ 04/09/2025
**LATOYA CAMACHO**
Court Clerk Supervisor _____/_____/_____